IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JOSHUA BOSS,

                     PLAINTIFF.

    vs.

THE CITY OF NEW YORK, a municipal entity,
NEW YORK CITY POLICE ASSISTANT CHIEF
THOMAS P. PURTELL, NEW YORK CITY
POLICE OFFICER CHENG PAK, NEW YORK CITY
POLICE DETECTIVE TREVOR BOSCO
NEW YORK CITY POLICE OFFICERS
"JOHN DOES 1-10"

                     DEFENDANTS.

INDEX NO. 12cv8728(GBD)
ECF CASE

COMPLAINT
[JURY TRIAL
DEMANDED]

Plaintiff JOSHUA BOSS, by his attorneys, STECKLOW COHEN & THOMPSON, complaining of the defendants, respectfully allege as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff JOSHUA BOSS bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

2. On the evening of December 17th, 2011 Plaintiff JOSHUA BOSS was present near the intersection of 7th Avenue and 34th Street in New York, NY. While present at the aforesaid intersection, Plaintiff JOSHUA BOSS was lawfully present in a crosswalk with the traffic lights and crossing signals in his favor. Prior to the interaction at issue here, Plaintiff JOSHUA BOSS had been documenting the New York Police Department's ("NYPD") response to a demonstration by Occupy Wall Street ("OWS") demonstrators.

3. OWS began on September 17th, 2011 and is a collection of individuals and ideas that seek, *inter alia,* to call attention to and change inequalities and ill effects created through government-driven and corporation-favoring policies and practices that engender economic inequality and prevent a vast majority of individuals from enjoying the rights, liberties, and freedoms guaranteed to them by the United States Constitution.

4. As Plaintiff JOSHUA BOSS had nearly completed crossing the street, Defendant POLICE ASSISTANT CHIEF THOMAS P. PURTELL ("Defendant A.C. PURTELL") rushed toward and tackled Plaintiff JOSHUA BOSS to the ground. Defendant A.C. PURTELL then struck Plaintiff JOSHUA BOSS in the face. Four or more Defendant

"John Doe" POLICE OFFICERS then assisted Defendant A.C. PURTELL in pinning Plaintiff JOSHUA BOSS to the ground, using profane language, and applying two sets of plastic flex-cuffs to Plaintiff JOSHUA BOSS' wrists so tightly that his hands turned blue. This caused Plaintiff JOSHUA BOSS to suffer permanent nerve damage to his hands.

5.  One or more of the Defendant POLICE OFFICERS also punched Plaintiff JOSHUA BOSS and applied a knee to Plaintiff JOSHUA BOSS' face. At or around this time, one or more of the Defendant "John Doe" POLICE OFFICERS present encouraged the physical violence rendered against Plaintiff JOSHUA BOSS by exclaiming comments such as, in sum and substance, "Kick his ass, Tom!"  Shortly after Defendant A.C. PURTELL's tackling and the Defendant "John Doe" POLICE OFFICERS' pining down and flex-cuffing of Plaintiff JOSHUA BOSS, Defendant A.C. PURTELL turned over Plaintiff JOSHUA BOSS' to Defendant POLICE OFFICER CHENG PAK ("Defendant OFFICER PAK"). Relying on false information allegedly reported to him by Defendant POLICE DETECTIVE TREVOR BOSCO ("Defendant DETECTIVE BOSCO"), Defendant OFFICER PAK then arrested Plaintiff JOSHUA BOSS. Defendant OFFICER PAK then swore out a criminal complaint against Plaintiff JOSHUA BOSS that falsely alleged a charge of Disorderly Conduct.

6.  In sum, Plaintiff JOSHUA BOSS brings this claim as a quest for answers as to why —— despite the fact that he was at all times compliant with the law and individual Defendants' orders —— New York City Police Officers sworn to serve and protect him instead harassed him, brutalized him, and caused him to suffer significant and painful injuries seemingly due solely to his mere proximity to an Occupy Wall Street event.

## II. JURISDICTION

7.   This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(3) and (4) and the aforementioned statutory and constitutional provisions.

8.  Plaintiff JOSHUA BOSS further invokes this Court's supplemental jurisdiction, pursuant to 28 USC. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

## III. VENUE

9.  Venue is proper for the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1391(a), (b), and (c) and § 1402(b) because the claims arose in this district.

## IV. JURY DEMAND

10.  Plaintiff JOSHUA BOSS respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## V. THE PARTIES

11. Plaintiff JOSHUA BOSS is a resident of the City of Brooklyn, State of New York, and the County of Kings.

12. At all times relevant to the events de Plaintiff JOSHUA BOSS was working as journalist.

13. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

14. Defendant CITY OF NEW YORK maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

15. That at all times hereinafter mentioned, Defendant POLICE ASSISTANT CHIEF PURTELL, Defendant POLICE OFFICER PAK, and the Defendant POLICE OFFICERS "JOHN DOES 1-10" (Collectively, "Defendant POLICE OFFICERS") were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

16. Plaintiff JOSHUA BOSS will amend this complaint to name the Defendant "John Doe" POLICE OFFICERS as their identities can be established to a reasonable certainty.

17. That at all times relevant to this action, the Defendant POLICE OFFICERS either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

18. Each and all of the acts of the Defendant POLICE OFFICERS alleged herein were done by said defendants while acting within the scope of their employment by Defendant CITY OF NEW YORK.

19. Each and all of the acts of the Defendant POLICE OFFICERS alleged herein were done by said defendants while acting in furtherance of their employment by Defendant CITY OF NEW YORK.

## VI. FACTS COMMON TO ALL CLAIMS

20. On the evening of December 17, 2011, at or around 7:00pm, Plaintiff JOSHUA BOSS was present near the intersection of 7th Avenue and 34th Street.

21. At all times relevant to the events described herein, Plaintiff JOSHUA BOSS was working as a journalist.

22. At all times relevant to the events described herein, Plaintiff JOSHUA BOSS was a "live-streamer" for Occupy Wall Streets ("OWS") "Occupy Radio" team.

23. Live-streaming describes the process of filming events and/or activities at one or more locations while concurrently allowing individual users/and or groups —— through

the use of the internet —— to view those same events and/or activities from other locations in real time.

24.  Live-streaming is a form of journalistic expression that has played an important role in furthering the OWS movement, in that it enables immediate and unfiltered coverage of OWS events, and official responses thereto, to reach significant numbers of individuals around the world.

25.  As part of his work as a live-streamer, Plaintiff JOSHUA BOSS was present near and around midtown Manhattan on the evening of the incident and arrest in question in order to document the NYPD's response to a peaceful OWS demonstration.

26.  Plaintiff JOSHUA BOSS had been observing and documenting the demonstration for approximately one hour before the events giving rise to the incident in question began.

27.  Over this same period of time, Plaintiff JOSHUA BOSS observed multiple instances of police officers pushing, grabbing, shoving and otherwise manhandling OWS participants without apparent cause or justification.

28.  At or around 7:00pm, Plaintiff JOSHUA BOSS began crossing 7th Avenue at 34th Street.

29.  Plaintiff JOSHUA BOSS utilized the south crosswalk of 34th Street in order to cross 7th Avenue.

30.  Plaintiff JOSHUA BOSS began crossing 7th Avenue at a time when the traffic light for 34th Street traffic was green; hence, the crosswalk signal indicated "Walk" at the time that Plaintiff JOSHUA BOSS was crossing 7th Avenue.

31.  Plaintiff JOSHUA BOSS was legally crossing 7th Avenue with signals in his favor.

32.  Shortly before Plaintiff JOSHUA BOSS reached the west sidewalk of 7th Avenue, Defendant A.C. PURTELL was walking along the same crosswalk.

33.  Defendant A.C. PURTELL then began running toward Plaintiff JOSHUA BOSS.

34.  Defendant A.C. PURTELL then tackled Plaintiff JOSHUA BOSS to the ground.

35.  Defendant A.C. PURTELL did not provide Plaintiff JOSHUA BOSS with any type of warning or order before tackling him to the ground.

36.  None of the Defendant POLICE OFFICERS present provided Plaintiff JOSHUA BOSS with any type of warning or order before Defendant A.C. PURTELL tackled Plaintiff JOSHUA BOSS to the ground.

37.  At or around this time, Defendant A.C. PURTELL and/or one more of the Defendant "John Doe" POLICE OFFICERS pinned Plaintiff JOSHUA BOSS to the ground.

38. At or around this time, Plaintiff JOSHUA BOSS exclaimed, in sum and substance, "Cameras!"

39. Plaintiff JOSHUA BOSS' call for cameras indicated his desire to have fellow members of OWS live-streaming team and other journalists and observers record the Defendant POLICE OFFICERS' unlawful conduct.

40. Plaintiff JOSHUA BOSS desired that other members of OWS live-streaming team record the Defendant POLICE OFFICERS' unlawful conduct in order to further document the NYPD's custom, policy, and/or practice of using excessive force against OWS observers and participants in order to retaliate against them for their observation or participation in OWS events and/or demonstrations.

41. Further information relating to the Defendant CITY OF NEW YORK's and the NYPD's ongoing pattern, custom, practice or policy of condoning and encouraging constitutionally violative conduct by police officers towards OWS participants and observers can be found in the appendix attached hereto, "ADDITIONAL FACT PLEADINGS IN SUPPORT OF MONELL CLAIMS," which is herein incorporated by reference.

42. After tackling Plaintiff JOSHUA BOSS to the ground, Defendant A.C. PURTELL punched Plaintiff JOSHUA BOSS in the face.

43. After puncing Plaintiff JOSHUA BOSS, Defendant A.C. PURTELL then exclaimed to Plaintiff JOSHUA BOSS, in sum and substance, "Do not resist!"

44. In response, Plaintiff JOSHUA BOSS stated, in sum and substance, "I'm not resisting anything!"

45. Plaintiff JOSHUA BOSS had not resisted and was not resisting Defendant A.C. PURTELL's attack.

46. Defendant A.C. PURTELL then applied his knee to Plaintiff JOSHUA BOSS's face, thereby forcing same closer to the ground.

47. Plaintiff JOSHUA BOSS then asked, in sum and substance, "Is that knee on my face necessary?"

48. In response, Defendant A.C. PURTELL stated, in sum and substance, "I think it is."

49. Defendant A.C. PURTELL had no legitimate or cognizable reason for placing his knee onto Plaintiff JOSHUA BOSS' face.

50. At no point before, during, or after Defendant A.C. PURTELL's attack of Plaintiff JOSHUA BOSS did any of the other Defendant "POLICE OFFICERS attempt to stop, obstruct, or otherwise prevent Defendant A.C. PURTELL from doing same.

51. Conversely, at or around this time, one or more of the Defendant POLICE OFFICERS present exclaimed, in sum and substance, "Kick his ass, Tom!"

52. Upon information and belief, said Defendant "John Doe" POLICE OFFICER(s) were referring to and encouraging Defendant A.C. THOMAS PURTELL's, beating of Plaintiff JOSHUA BOSS.

53. Defendant A.C. PURTELL then twisted Plaintiff JOSHUA BOSS' arms behind Plaintiff's back thereby causing significant and severe pain to both the hands and arms of Plaintiff JOSHUA BOSS.

54. Upon information and belief, at or around this time, Defendant DETECTIVE BOSCO falsely informed Defendant OFFICER PAK that Plaintiff JOSHUA BOSS had violated PL 240.20(5) Disorderly Conduct by obstructing vehicular or pedestrian traffic.

55. Plaintiff JOSHUA BOSS did no such thing of his own volition; he had been crossing the street at a crosswalk with signals in his favor. Any obstruction of vehicular or pedestrian traffic could only have accrued as a result of the conduct of the Defendant POLICE OFFICERS, and not Plaintiff JOSHUA BOSS.

56. At or around this time, one or more of the Defendant POLICE OFFICERS present stated, in sum and substance, "We need the plastic flexcuffs – where are the flexcuffs?"

57. One or more of the Defendant POLICE OFFICERS then fastened two sets of plastic flexcuffs tightly around Plaintiff JOSHUA BOSS' wrists.

58. Said flexcuffs caused Plaintiff JOSHUA BOSS severe and significant pain to his wrists, followed by numbness.

59. Plaintiff JOSHUA BOSS then respectfully requested that Defendant A.C. PURTELL and the other Defendant POLICE OFFICERS allow him to stand up on his own accord.

60. Plaintiff JOSHUA BOSS pled that Defendant A.C. PURTELL and the other Defendant POLICE OFFICERS not lift him up by the plastic flexcuffs.

61. Plaintiff JOSHUA BOSS made this plea owning to the fact that being lifted up by plastic flexcuffs would cause him to suffer additional significant and severe pain to his arms, hands, and wrists.

62. Despite Plaintiff JOSHUA BOSS' plea, Defendant A.C. PURTELL and one or more of the other Defendant POLICE OFFICERS used the plastic flexcuffs in order to pull Plaintiff JOSHUA BOSS to his feet.

63. Plaintiff JOSHUA BOSS then exclaimed to Defendant A.C. PURTELL and the other Defendant POLICE OFFICERS, in sum and substance, "Both of my hands are completely numb right now, I cannot feel my hands!"

64. Defendant OFFICER PAK then derisively asked Plaintiff JOSHUA BOSS, in sum and substance, "How are those cuffs doing?"

65. In response, Plaintiff JOSHUA BOSS repeated, in sum and substance, "I cannot feel my hands right now!"

66. In response, Defendant OFFICER PAK stated, in sum and substance, "Yea, those cuffs are a little tight."

67. At or around this time, Defendant OFFICER PAK observed that Plaintiff JOSHUA BOSS' hands were turning blue.

68. Upon information and belief, Plaintiff JOSHUA BOSS' hands began to turn blue due to a shortage of blood flow into his hands caused by the tightness with which the Defendant POLICE OFFICERS applied the plastic flexcuffs to Plaintiff JOSHUA BOSS' wrists.

69. Upon information and belief, circulatory restrictions as evidenced by the "blue hands" suffered by Plaintiff JOSHUA BOSS can lead to permanent nerve damage.

70. Upon information and belief, the permanent nerve damage suffered by Plaintiff JOSHUA BOSS was both the direct as well as the proximate result of the Defendant POLICE OFFICERS' conduct.

71. One or more of the Defendant POLICE OFFICERS eventually loosened Plaintiff JOSHUA BOSS' handcuffs after Plaintiff JOSHUA BOSS' repeated request.

72. Plaintiff JOSHUA BOSS would later seek medical treatment for the injuries he sustained due to the conduct of the Defendant POLICE OFFICERS.

73. Plaintiff JOSHUA BOSS still experiences pain and numbness in his wrists and hands due to the conduct of the Defendant POLICE OFFICERS.

74. At or around this time, one or more of the Defendant POLICE OFFICERS placed Plaintiff JOSHUA BOSS in a nearby police vehicle.

75. The Defendant POLICE OFFICERS then transported Plaintiff JOSHUA BOSS to One Police Plaza.

76. There the Defendant POLICE OFFICERS would detain Plaintiff JOSHUA BOSS for approximately five hours.

77. The Defendants charged Plaintiff JOSHUA BOSS with Disorderly Conduct - PL 240.20(5).

78. The Defendants issued Plaintiff JOSHUA BOSS a Desk Appearance Ticket for a return date on or around February 28th, 2012.

79. Plaintiff JOSHUA BOSS' appeared before the Court on approximately three occasions following the Defendant POLICE OFFICERS' December 17, 2011 arrest.

80. Plaintiff JOSHUA BOSS received an Adjournment in Contemplation of Dismissal in resolution of the violation charge against him.

81. As a result of the foregoing, Plaintiff JOSHUA BOSS sustained, *inter alia,* mental injuries, emotional distress, embarrassment, humiliation, and deprivation of his constitutional rights.

82. As a result of the Defendants' constitutionally violative conduct, Plaintiff JOSHUA BOSS demands a judgment from Defendants in a sum of money to be determined at trial.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

83. Plaintiff JOSHUA BOSS repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

84. All of the aforementioned acts of the Defendant CITY OF NEW YORK, Defendant "John Doe" POLICE OFFICERS, Defendant OFFICER PAK, and Defendant A.C. PURTELL ("Defendants", or "Defendant POLICE OFFICERS" unless otherwise described, henceforth), their agents, servants and employees, were carried out under the color of state law.

85. All of the aforementioned acts deprived Plaintiff JOSHUA BOSS of the rights, privileges and immunities guaranteed to citizens of the United States by the First, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

86. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

87. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

88. The individual Defendants and Defendant CITY OF NEW YORK, collectively and individually, while acting under color of state law, engaged in Constitutionally-violative conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

89. As a result of the foregoing, Plaintiff JOSHUA BOSS was put in fear for his safety; harassed, battered, berated, and caused to suffer a significant and painful injury to his wrists and hands.

90. As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer personal injuries, violation of civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, loss of wages, legal expenses and damage to his reputation and standing within his community.

91. As a result of Defendants' impermissible conduct, Plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

92. Plaintiff JOSHUA BOSS repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

93. As a result of the aforesaid conduct by Defendants, Plaintiff JOSHUA BOSS was subjected to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained and confined without any probable cause, privilege or consent.

94. As a result of the above constitutionally impermissible conduct, Plaintiff JOSHUA BOSS was caused to suffer personal injuries, violation of civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, loss of property, damage to property, legal expenses and damage to his reputation and standing within his community.

95. As a result of Defendants' impermissible conduct, Plaintiff JOSHUA BOSS demands judgment against Defendants in a sum of money to be determined at trial.

## THIRD CLAIM FOR RELIEF
## FAILURE TO INTERVENE UNDER 42 U.S.C. §1983

96. Plaintiff JOSHUA BOSS repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

97. The Defendants had an affirmative duty to intervene on Plaintiff JOSHUA BOSS' behalf to prevent the violation of his constitutional rights.

98. The individual Defendants failed to intervene on Plaintiff JOSHUA BOSS' behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

99. The individual Defendants failed to intervene on Plaintiff JOSHUA BOSS 's behalf to prevent the violation of his constitutional rights despite having substantially contributed to the circumstances within which Plaintiff JOSHUA BOSS' rights were violated by their affirmative conduct.

100. As a result of the aforementioned conduct of the individual Defendants, Plaintiff JOSHUA BOSS' constitutional rights were violated.

101. As a result of the above constitutionally impermissible conduct, Plaintiff JOSHUA BOSS was caused to suffer personal injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, loss of wages, legal expenses and damage to his reputation and standing within his community.

102. As a result of Defendants' impermissible conduct, Plaintiff JOSHUA BOSS demands judgment against Defendants in a sum of money to be determined at trial.

### FOURTH CLAIM FOR RELIEF
### EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

103. Plaintiff JOSHUA BOSS repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

104. Defendant A.C. PURTELL used excessive force in tackling Plaintiff JOSHUA BOSS to the ground.

105. Defendant A.C. PURTELL used excessive force in punching Plaintiff JOSHUA BOSS.

106. Defendant A.C. PURTELL and/or one or more of the Defendant "John Doe" POLICE OFFICERS used excessive force in handcuffing Plaintiff JOSHUA BOSS in the absence of probable cause for his arrest.

107. The Defendants used excessive force against Plaintiff JOSHUA BOSS in applying plastic flexcuffs so tightly to Plaintiffs' wrists that Plaintiffs' wrists turned blue.

108. At no point during the above-mentioned actions did the circumstances presented to the Defendants support any of the above-mentioned applications of force on Plaintiff JOSHUA BOSS.

109. Plaintiff JOSHUA BOSS was subjected to excessive force in violation of his rights as guaranteed under the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

110. As a result of the above constitutionally impermissible conduct, Plaintiff JOSHUA BOSS was caused to suffer personal injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, loss of wages, legal expenses and damage to his reputation and standing within his community.

111. As a result of Defendants' impermissible conduct, Plaintiff JOSHUA BOSS demands judgment against Defendants in a sum of money to be determined at trial.

### FIFTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY UNDER *MONELL* ARISING FROM
### UNCONSTITUTIONAL POLICIES AND CUSTOMS UNDER 42 U.S.C. § 1983

112. Plaintiff JOSHUA BOSS repeats, reiterates and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

113. Defendants harassed, battered, berated and caused Plaintiff JOSHUA BOSS to

suffer a significant and painful injury to his right wrist in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that their conduct would jeopardize Plaintiffs' liberty, well-being, safety and constitutional rights.

   114.   The acts complained of were carried out by the aforementioned individual defendant Police Officers in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

   115.   The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

   116.   The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

   a) wrongfully arresting individuals without probable cause due to perceived lack of respect for the police officer (i.e., "contempt of cop" arrests);

   b) wrongfully arresting individuals without probable cause in attempts to justify excessive uses of force (i.e. "contempt of cop" "cover charge" arrests);

   c) wrongfully arresting individuals without probable cause to punish individuals for requesting (a) police officer(s) name(s) and badge number(s) or otherwise attempting to document enforcement actions (i.e., "contempt of cop" arrests in violation of the June 1, 1977 consent decree entered into by Defendant City of New York in Black v. Codd, SDNY 73 Civ. 5283);

   d) wrongfully arresting innocent persons in order to meet quantitative "productivity goals" (i.e., arrest quotas).

   e) wrongfully arresting persons without probable cause due to a perceived lack of respect for the police officer; in order to meet quantitative "productivity goals" (i.e., "contempt of cop" arrests used to satisfy arrest quotas).

   117.   As a result of the aforementioned conduct of the Defendant CITY OF NEW YORK and the individual Defendant Police Officers, Plaintiff JOSHUA BOSS 's constitutional rights were violated.

   118.   As a result of the above constitutionally impermissible conduct, Plaintiff JOSHUA BOSS was caused to suffer personal injuries, violation of civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, loss of wages, legal expenses and damage to his reputation and standing within his community.

   119.   As a result of Defendants' impermissible conduct, Plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

## SIXTH CLAIM FOR RELIEF
## RETALIATION FOR FIRST AMENDMENT PROTECTED EXPRESSION
## UNDER 42 U.S.C. § 1983

120. Plaintiff JOSHUA BOSS repeats, reiterates and realleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

121. Further information relating to the Defendant CITY OF NEW YORK's and the New York Police Department's constitutionally violative practices relating to retaliation for first amendment protected expression can be found in the, "ADDITIONAL FACTS PLEADINGS IN SUPPORT OF MONELL CLAIMS," which is herein incorporated by reference.

122. Plaintiff JOSHUA BOSS was present as a journalist observing an OWS event, and police responses thereto, at the time of the incident in question.

123. The Defendant POLICE OFFICERS, including but not limited to Defendant A.C. PURTELL, tackled and struck and arrested Plaintiff JOSHUA BOSS in order to retaliate against Plaintiff JOSHUA BOSS for being present as a journalist covering an OWS event, and police responses thereto.

124. Plaintiff JOSHUA BOSS was not engaged in any illegal activity of any kind or sort when the Defendant POLICE OFFICERS tackled and struck and arrested Plaintiff JOSHUA BOSS.

125. The Defendant "John Doe" POLICE OFFICERS utilized excessive force against Plaintiff JOSHUA BOSS in order to retaliate against him for lawfully exercising his First Amendment protected rights to free speech, expression, and association.

126. The actions of the Defendant "John Doe" POLICE OFFICERS heretofore described, were designed to and did cause bodily harm, pain and suffering in direct retaliation for Plaintiff JOSHUA BOSS's exercise of his civil and constitutional rights of free speech, free expression and expressive association as guaranteed by First and Fourteenth Amendments to the United States Constitution as well as the Constitution of the State of New York.

127. As a result of the foregoing, Plaintiff JOSHUA BOSS is entitled to compensatory damages and punitive damages against the Defendants in amounts to be determined at trial.

128. As a result of the above constitutionally impermissible conduct, Plaintiff JOSHUA BOSS was caused to suffer personal injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, loss of wages, legal expenses and damage to his reputation and standing within his community.

129. As a result of Defendants' impermissible conduct, Plaintiff JOSHUA BOSS demands judgment against Defendants in a sum of money to be determined at trial.

WHEREFORE and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction and:

[a] Invoke pendent party and pendent claim jurisdiction.

[b] Award appropriate compensatory and punitive damages.

[c] Award appropriate declaratory and injunctive relief.

[d] Empanel a jury.

[e] Award attorney's fees and costs.

[f] Award such other and further relief as the Court deems to be in the interest of justice.


DATED:   New York, New York
         November 30, 2012

                                    Respectfully submitted,


                                    _____~[S]~_____
                                    SAMUEL B. COHEN [SC 0622]
                                    STECKLOW COHEN & THOMPSON
                                    10 SPRING STREET – SUITE 1
                                    New York, New York 10012
                                    [212] 566-8000
                                    [212] 202-4952/FAX
                                    SAM@WYLIELAW.COM
                                    ATTORNEYS FOR PLAINTIFF